UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| OZELL DOWERY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-492 PS |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Ozell Dowery, a *pro se* prisoner, was found guilty by a Disciplinary Hearing Board (DHB) of assaulting a nurse and corrections officer with a tape dispenser. As a result, the DHB docked him 183 days of good time credit and demoted him from credit class two to credit class three. In this petition, brought pursuant to 28 U.S.C. § 2254, Dowery alleges a number of errors in his administrative hearing.

The facts leading up to the hearing are set out in a February 11, 2006, conduct report written by Annie Haynes which charged Mr. Dowery with a Class A-102 offense, assault on staff. The conduct report states:

> At approx date & time offender Dowery, Ozell #856327 was in the office to have vital signs taken. After vital signs taken offender Dowery, Ozell #856527 began blaming us for his condition, saying we were giving him chemicals. Then the offender attacked nurse while she was sitting at desk. This recorder ran over to nurse to try to divert the attack by calling offender's name & at the same time reaching for the radio at the desk area to call a signal 7. The offender grabbed the tape dispenser & came after me. I ran from the office towards A-2 center to tell the office to call a signal 7 but offender hit me from the back of my head. I fell and offender hit me possibly 2 to 3 times more then stopped attack.

(Respondent's Resp., Exh. A, docket #15-2). Mr. Dowery was notified of these charges. Mr. Dowery requested a lay advocate, but did not request any witnesses or evidence. (Respondent's

Resp., Exh. C, docket #15-4). On February 17, 2006, the DHB found Mr. Dowery guilty of committing battery on another in case number WCC 06-02-0311. (Respondent's Resp., Exh. F, docket #15-7).

In his petition, Mr. Dowery raises the following four challenges: 1) there was insufficient evidence to find him guilty; 2) he was denied the assistance of a lay advocate; 3) the board's written disposition was inadequate; and 4) placing the petitioner in segregation is unbearable and is cruel and unusual punishment. Mr. Dowery admits in his petition that he never raised issues two and three in his institutional appeals. "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . . ." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Because Mr. Dowery did not raise issues two and three in his institutional appeals, these arguments are procedurally defaulted. "[P]rocedural default . . . precludes consideration of [a] theory under § 2254 unless the prisoner can show cause and prejudice . . . ." *Id.* "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts" to present his issues for administrative review. *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

In his petition, Mr. Dowery states that he did not raise these issues during his institutional appeals "because petitioner's case was too complex, and his mental problems and conditions made it impossible for him to understand and totally comprehend his issues. He was denied assistance on appeals." (Petition, docket #1, page 4). In his traverse, Mr. Dowery further states that "[t]he main reason for not having this information on the appeal was I didn't know that I could add it...." (Traverse, docket #18, page 1).

Ignorance is not an external cause which excuses procedural default. "[I]t is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). *Harris* held that neither mental retardation, mental deficiencies, nor mental illness demonstrate cause to excuse procedural default because "something that comes from a source within the petitioner is unlikely to qualify as an external impediment." *Id.*

Although Mr. Dowery may not have understood or appreciated the complexity of his case or the necessity of raising each argument on appeal, Mr. Dowery's mental condition and lack of understanding is not cause for his failure to raise these issues in the institutional appeals. As a result, because these issues were not exhausted, they are not properly before the court.

Mr. Dowery asserts that there was insufficient evidence to find him guilty of assault on another. Mr. Dowery contends that he did not have the mental capacity to commit the offense and that he did not use a weapon. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. . . .  This is a lenient standard,  requiring no more than a modicum of evidence. . . . Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citations and internal quotations omitted).

Here, the individual who Mr. Dowery attacked wrote the conduct report and stated that Mr. Dowery "hit me from the back of my head" with a tape dispenser and that he hit her possibly

3

two to three more times. (Respondent's Resp., Exh. A, docket #15-2). This is, of course, some evidence. This is all that is needed.

In his fourth challenge, Mr. Dowery argues that he should not have been placed in segregation because it is unbearable and solitary confinement is cruel and unusual punishment. A prison disciplinary proceeding can only be challenged under § 2254 where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Because disciplinary segregation affects the severity rather than the duration of custody, Mr. Dowery cannot challenge this sanction under § 2254. *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001).

In his traverse, Mr. Dowery presents issues not previously raised with the court. It is not clear that exact nature of Mr. Dowery's new challenges. For example he asserts that there was insufficient evidence, he was denied medical evidence, and that charges were stacked against him. (Traverse, docket # 18, page 5). However, Mr. Dowery also lists what appears to be additional disciplinary hearings and sanctions which are not at issue in the petition currently before the court. (Traverse, docket # 18, pages 3-4). Thus, Mr. Dowery is either trying to raise new challenges in his traverse to hearing WCC 06-02-0311, which is the subject of this petition, or he is trying to challenge subsequent disciplinary proceedings. However, the nature of Mr. Dowery's new challenges is irrelevant because neither of these challenges is appropriate in this proceeding.

Mr. Dowery's original petition never raised these alleged due process errors. Mr. Dowery has not filed an amended petition in this case, nor could his traverse be construed as an amended petition. Therefore, Mr. Dowery's new assertions are outside the scope of his current petition.

4

However, even if the court were to allow these new challenges, Mr. Dowery never raised any of these issues in his institutional appeal of WCC 06-02-0311. As previously stated, because Mr. Dowery has not presented these issues during his institutional appeals and because he has not shown cause for his failure to do so, these issues are not properly before the court.

On the other hand, if Mr. Dowery is simply trying to challenge additional disciplinary hearings which imposed additional sanctions, Mr. Dowery's challenges are inappropriate in this proceeding. Pursuant to Rule 2 of the Rules Governing Section 2254 Cases, Mr. Dowery may only challenge one disciplinary hearing in a petition for writ of habeas corpus. In this petition, the court is only reviewing WCC 06-02-0311. If Mr. Dowery wishes to challenge other hearings, he may file new petitions with the appropriate filing fee for each hearing. He may not challenge multiple disciplinary hearings in one petition.

For the foregoing reasons the court **DENIES** Ozell Dowery's petition for writ of habeas corpus.

**SO ORDERED**.

ENTERED: March 28, 2007.

s/ Philip P. Simon<br>PHILIP P. SIMON, JUDGE<br>UNITED STATES DISTRICT COURT